FILED
2025 May-30  AM 11:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **KELLEY BRAD JENSEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: 5:23-cv-1008-LCB** |
| ) | |
| **SOCIAL SECURITY** ) | |
| **ADMINISTRATION,** ) | |
| **COMMISSIONER,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION & ORDER

Plaintiff Kelley Brad Jensen seeks judicial review of the final decision by the Social Security Administration's Commissioner to deny his claim for disability benefits. 42 U.S.C. § 405(g). The Court has closely examined the record, and now **AFFIRMS** the Commissioner's decision for the reasons explained below.

## I.    BACKGROUND

### A.    Standard of Review

A court's only task in reviewing a denial of disability benefits is to determine whether the Commissioner's decision is "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence "is such relevant

evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

Thus, courts reviewing an appeal from a denial of disability benefits may not "decid[e] the facts anew, mak[e] credibility determinations, or re-weigh[ ] the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Rather, the court must affirm the Commissioner's decision if the denial is supported by substantial evidence, even if the preponderance of the evidence weighs against the Commissioner's findings. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264 (11th Cir. 2015); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### B.    Procedural History

Jensen first applied for disability insurance benefits on January 10, 2018, Tr. 247-52, alleging disabilities consisting of anxiety, heart conditions, "two heart attack[s]," COPD, four stents, and hearing loss. *Id.* at 269. At the time of his application, Jensen reported being 5'6" and 190 pounds. *Id.* Jensen's claim was initially denied on May 9, 2018, *id.* at 174-77, and denied again by an ALJ on September 18, 2020. *Id.* at 1953-55. The ALJ's unfavorable decision became the Commissioner's final decision on May 26, 2021, after the Social Security Appeals Council denied review. *Id.* at 1972-75.

Jensen appealed the Commissioner's decision in the United States District Court for the District of Idaho, which reversed remanded it to the Commissioner

for further proceedings based on a "stipulation between the parties." *Id.* at 1987-89. On remand, Social Security ALJ Lori Williams held a hearing on February 28, 2023. Tr. 1921. Jensen was represented by counsel at that hearing, which also included testimony from an impartial Vocational Expert, Christopher Ty Pennington. Tr. 1920. On June 21, 2023, ALJ Williams issued a decision again denying Jensen's claim for disability benefits, Tr. 1893, which became final sixty-one days later. *Id.* at 1894. Having exhausted his administrative remedies, Jensen appealed the Commissioner's final decision in this Court on August 1, 2023. Doc. 1.

### C.     The Social Security Disability Framework

The Social Security disability framework requires an ALJ to ask a series of questions to determine whether an applicant qualifies for disability benefits:

(1) Is the claimant engaged in substantial gainful activity?
(2) Does the claimant have a severe impairment?
(3) Does the claimant have an impairment or combination of impairments that meet or medically equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?
(4) Is the claimant able to perform former relevant work?
(5) Is the claimant able to perform any other work within the national economy?[1]

20 C.F.R. §§ 404.1520(a), 416.920(a); *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

---

[1] A claimant bears the burden of proof through Step 4, but the burden shifts to the Commissioner at Step Five. *See Wolf v. Chater* 86 F.3d 1072, 1077 (11th Cir. 1996). The ALJ here did not reach Step 5.

These steps are progressive, and the inquiry ends if the ALJ finds that the claimant has not met the requirements of any individual step. As a result, an ALJ will reach Step 4 only if a claimant is not engaged in substantial gainful activity (Step 1), has a severe impairment (Step 2), and does not have an impairment or combination of impairments that meets or medically equals a listed impairment (Step 3). *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). And before conducting the analysis required in Step 4, the ALJ must first determine the claimant's residual function capacity ("RFC"), which is the claimant's ability to perform work of any kind despite "all . . . medically determinable impairments" of which the ALJ is aware, "including . . . medically determinable impairments that are not 'severe.'" 20 C.F.R. § 404.1545(a)(2).

Once the claimant's RFC is established, the ALJ compares the claimant's RFC to the demands of their former relevant work (Step 4) and any other work in the national economy (Step 5). If a claimant can perform former relevant work, or the Agency can show that the claimant is able to perform any other work in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1512(f), (g).

### D.     The ALJ's Analysis

The ALJ's opinion followed the required analysis to the letter. *See* Tr. 1898-1902. At Step 1, the ALJ found that Jensen had not engaged in substantial gainful activity from February 15, 2015 through March 31, 2020, but that Jensen did

engage in substantial gainful activity in the first, second, and fourth quarters of 2021. *Id.* at 1899.

At Step 2, the ALJ found that Jensen suffers from multiple severe impairments, namely "hypertension, coronary artery disease (CAD) status-post remote inferior wall myocardial infarction and stenting of the right coronary artery (RCA), chronic obstructive pulmonary disease (COPD), allergic rhinitis/sinusitis, and diabetes mellitus II." *Id.* at 1899 (citing 20 CFR 404.1520(c)). The ALJ also found that Jensen suffers from non-severe impairments, including "benign prostatic hyperplasia, obstructive sleep apnea, hyperlipidemia, hypothyroidism, and hearing loss." *Id.* In this same category, the ALJ also found that Jensen's "generalized anxiety disorder and adjustment disorder with mixed anxiety and depression, considered singly and in combination" were "non-severe."

At Step 3, the ALJ found that none of the claimant's impairments met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 1902.

That brings us to Step 4. Following "careful consideration of the entire record," the ALJ concluded that Jensen possessed the RFC to perform "light work," including his past work as transportation superintendent. *ID.* at 1903-10. The ALJ found that Jensen could occasionally "stoop, kneel, crouch, or crawl," and "climb raps and stairs," but "should not have been required to work in

exposure to extreme heat, extreme cold, wetness, or humidity," and "never should have climbed ladders, ropes, or scaffolds." *Id.* at 1903. The ALJ also found that Jensen "should have avoided exposure to industrial hazards, including . . . unprotected heights and working in close proximity to moving dangerous machinery." *Id.*

In determining the RFC, the ALJ found that although Jensen's "medically determinable impairments could reasonably have been expected to cause the alleged symptoms . . . the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Id.* at 1904.

The ALJ reviewed Jensen's history of treatment for cardiac issues, beginning in 2012, *id.* at 1904, and COPD, beginning in 2013. *Id.* The ALJ reiterated that Jensen's cardiologist, Dr. Charles Ruggeroli, "noted stable coronary artery disease, well controlled hypertension, no signs of COPD, and controlled diabetes" in November 2019. *Id.* at 1906. The ALJ concluded that those findings were not consistent with Dr. Ruggeroli's opinion the following April that Jensen "was incapable of even 'low stress' work," "Dr. Ruggeroli's largely normal examination findings" over the years, and "the observations of primary care providers." *Id.* For example, Jensen "reported feeling well and exercising nearly

daily with no chest pain of dyspnea" in an August 2021 cardiology evaluation conducted by Dr. David Hinchman, *id.,* and a December 2022 stress test "showed excellent exercise capacity" despite a previous heart attack. *Id.* Regarding Jensen's COPD, the ALJ found that Jensen's respiratory symptoms were usually resolved with a bronchodilator. *See, e.g.*, *id.* at 1907. The ALJ also found that Jensen's own "statements about the intensity, persistence, and limiting effects of his symptoms" were "inconsistent with the evidence." *Id.* at 1909.

Finally, the ALJ reviewed medical opinion evidence from two state agency medical consultants. Dr. Jon Arnow, who examined Jensen in May 2018, found that Jensen "could perform medium work." *Id.* at 1909. Yet the ALJ found that conclusion only partially persuasive—although Dr. Arnow's assessment of Jensen's "postural and environmental limitations were supported by . . . the evidence . . . the totality of the longitudinal evidence warrants a maximum residual functional capacity within the range of light work." *Id.* at 1909. By contrast, the ALJ found that the October 2018 opinion of State agency consultant Dr. Susan Riberio was far more persuasive. Dr. Ribeiro concluded that Jensen could perform light work, with some exceptions. *Id.* The ALJ concluded that those findings were "generally persuasive because they are supported by" and "consistent with [the] evidence." *Id.* at 1910.

7

After considering all this evidence, the ALJ concluded that Jensen had a "light work" RFC with some additional limitations, and could work as "as a transportation superintendent," as he had in the past. *Id.*

## II.    DISCUSSION

Jensen argues that the ALJ's RFC determination was not supported by substantial evidence for two reasons. First, Jensen alleges that the ALJ "failed to properly evaluate the opinion of treating cardiologist [Dr.] Charles Ruggeroli." Doc. 9 at 3. That claim fails because the ALJ systematically articulated her reasons for rejecting Dr. Ruggeroli's opinion.

Second, Jensen argues that the ALJ "failed to account for [Jensen's] mild mental limitations as part of the RFC." *Id.* That claim also fails, because the ALJ considered those limitations at length and referenced them in her RFC determination. Further, the ALJ was not required to cite every piece of evidence on the record, so long as she considered the evidence as a whole.

### A.    The ALJ properly evaluated Dr. Charles Ruggeroli's opinion.

Jensen's treating cardiologist, Dr. Charles Ruggeroli, submitted a "Treating Physician Questionnaire" in support of Jensen's claim in April 2020. Tr. 1889-92. In that questionnaire, Dr. Ruggeroli asserted that Jensen was "[i]ncapable of even 'low stress' jobs." *Id.* at 1890. According to Jensen, the ALJ's finding that Dr. Ruggeroli's opinion was not persuasive was error because the ALJ "failed to

consider the supporting explanation provided by Dr. Ruggeroli in his opinion." Doc. 9 at 13. Namely, Jensen alleges the ALJ should have considered Dr. Ruggeroli's opinion that Jensen's chest pain symptoms were worsened by his anxiety. *Id.*

To be sure, the current social security regulations dictate that "the most important factors in evaluating the persuasiveness of medical opinions are supportability and consistency." *Aseme v. Soc. Sec. Admin., Comm'r*, 2022 WL 892649, at *7 (N.D. Ala. Mar. 25, 2022) (citing 20 C.F.R. 404.1520(c)). But failure to consider a doctor's "supporting explanation" is not a failure to consider supportability. The ALJ considered both supportability and consistency, finding that Dr. Ruggeroli's opinion "is not persuasive because it is not supported by [his] largely normal examination findings, and it is inconsistent with the observations of [other] primary care providers." Tr. 1506.

Jensen asserts that the ALJ should have considered other evidence of his psychological symptoms, Dr. Ruggeroli's notes on Jensen's "low systolic function and frequency of hospitalizations," and details of their doctor-patient relationship as supporting evidence for Dr. Ruggeroli's opinion. Doc. 9 at 16-18. But the issue before the Court is not whether the evidence might support Jensen's disability claim but whether substantial evidence supports the ALJ's RFC finding. *See Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) ("[u]nder a

9

substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports [his] position; [he] must show the absence of substantial evidence supporting the ALJ's conclusion.").

As shown above, the ALJ sufficiently and "systematically articulated [her] reasons for rejecting" Jensen's claims and Dr. Ruggeroli's opinion based on the evidence in the record. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). That is enough to affirm the ALJ's decision—"there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection" that fails to show "that the ALJ considered [the Claimant's] medical condition as a whole." *Id.* To the contrary, "[s]o long as the ALJ's decision demonstrates to the reviewing court that it considered the claimant's medical condition as a whole, the ALJ is not required to cite every piece of evidence in the record." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1326 (11th Cir. 2021) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)).

Nothing in the ALJ's decision shows she failed to consider the whole record. The ALJ explicitly stated that she "considered all symptoms and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence." Tr. 1903; *see also id.* ("After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had

the residual functional capacity to perform light work"). And this Court would be required to affirm the ALJ's decision even if she *had* erred in her evaluation of opinion evidence, because the Commissioner—and no one else—remains ultimately "responsible for making the determination or decision about whether" a claimant is disabled. *Id.* at § 404.1520b(c)(3). That's why "the task of determining a claimant's residual functional capacity and ability to work rests with the administrative law judge, not a doctor." *Moore v. Soc. Sec. Admin., Com'r*, 649 F. App'x 941, 945 (11th Cir. 2016) (cleaned up). So long as the ALJ's decision is supported by substantial evidence, as it was here, the decision must be affirmed.

Thus, because the whole record provides substantial evidentiary support for the ALJ's RFC finding, the evidence that Jensen points to does not require a different finding.  (Tr. 24-28). As said at the outset, this Court may not "decid[e] the facts anew, mak[e] credibility determinations, or re-weigh[ ] the evidence," *Moore*, 405 F.3d at 1211, and the Court declines Jensen's invitation to do so here.

**B.    The ALJ properly accounted for Jensen's mild mental limitations.**

Jensen next argues that the ALJ's decision "is not supported by substantial evidence because the ALJ failed to account for Plaintiff's mild mental limitations as part of the RFC." Doc. 9 at 19. According to Jensen, the ALJ erred by excluding those limitations from the RFC despite finding "mild limitations in the mental paragraph B areas of interacting with others; concentrating, persisting, or

maintaining pace; and adapting or managing oneself." *Id.* Additionally, "[t]he ALJ did not sufficiently explain why Plaintiff's mild limitations would not impact his ability to perform [his] past relevant work." *Id.* at 20.

But the ALJ *did* consider Jensen's mild mental limitations at length in Step 2, Tr. 1900-02, and referenced them in the RFC finding. *Id.* at 1909. In line with the principle that reviewing courts "read the ALJ's decision as a whole," this Court will not require the "needless formality" of "repeat[ing] substantially similar factual analyses" in her decision. *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1275 (11th Cir.) (citation omitted), *cert. denied sub nom. Raper v. O'Malley*, 145 S. Ct. 984 (2024). Because the ALJ "thoroughly discussed" Jensen's medical records regarding his mental limitations just a few pages before determining that the records supported a light work RFC, "it is hard to imagine how the ALJ could have been clearer." *Id.* at 1276. As a result, the ALJ's decision is supported by substantial evidence, and the Commissioner's decision must be affirmed.

## III.    CONCLUSION

Because the decision of the Commissioner was supported by substantial evidence, the Court **AFFIRMS** the decision and **DISMISSES** this case with prejudice. The Court will enter a final judgment separately.

**DONE** and **ORDERED** May 30, 2025.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE